UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>TENET HEALTHCARE CORPORATION, et al.,<br><br>            Defendants. | No. 1:23-cv-01106-TLN-CKD |
| LORI BELTRAN, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>DOCTORS MEDICAL CENTER OF MODESTO, et al.,<br><br>            Defendants. | No. 2:23-cv-01670-TLN-CKD |
| JUDITH HARRILL,<br><br>            Plaintiff,<br><br>     v.<br><br>EMANUEL MEDICAL CENTER, et al.,<br><br>            Defendants. | No. 2:23-cv-01672-TLN-CKD<br><br>**ORDER** |

1

This matter is before the Court on three Motions to Consolidate filed by Defendants in Case No. 1:23-cv-01106-TLN-CKD, (the "*Doe* case") (ECF No. 28), Case No. 2:23-cv-01670-TLN-CKD (the "*Beltran* case") (ECF No. 36), and Case No. 2:23-cv-01672-TLN-CKD (the "*Harrill* case") (ECF No. 34).  Plaintiffs filed non-oppositions in *Beltran* (ECF No. 37) and *Harrill* (ECF No. 35).  Plaintiffs filed an opposition in *Doe* (ECF No. 33), and Defendants filed a reply (ECF No. 35).  For the reasons set forth below, the Court DENIES Defendants' motions.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The above-captioned cases are putative class actions against Defendant Tenet Healthcare Corporation ("Tenet") and various Tenet-related entities.  Plaintiffs in all three cases allege claims related to the unlawful transmission of their private health information and personal identifying information through online tracking software on certain Tenet websites.  In the *Doe* case, Plaintiffs assert claims based on the Doctors Medical Center of Modesto, Inc. ("Doctors Medical") website, the Desert Regional Medical Center website, and the Twin Cities Community Hospital website.  (Case No. 1:23-cv-01106, ECF No. 19.)  In the *Beltran* case, Plaintiffs assert claims based on the Doctors Medical website.  (Case No. 2:23-cv-01670, ECF No. 1.)  In the *Harrill* case, Plaintiffs assert claims based on the Emanuel Medical Center website.  (Case No. 2:23-cv-01672, ECF No. 1.)  The Court ordered the cases related on October 3, 2023, and Defendants in each case filed the instant motions to consolidate on November 30, 2023.[1]  (Case No. 1:23-cv-01106, ECF Nos. 17, 28.)

## II.  STANDARD OF LAW

Federal Rule of Civil Procedure ("Rule") 42 states, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).  "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).  "In determining whether to consolidate actions, the court

---

[1] The related case orders and motions to consolidate in all three cases are identical.

2

weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Quair v. Thomas*, No. 1:21-cv-01397-JLT-SKO, 2022 WL 675754, at *1 (E.D. Cal. Mar. 7, 2022) (citation omitted).

### III. ANALYSIS

Defendants request the Court: (1) consolidate the claims arising out of the visits to the Doctors Medical website in the *Doe* case and the *Beltran* case for all purposes pursuant to Rule 42(a)(2) and order Plaintiffs in those cases to file a consolidated class action complaint; and (2) consolidate the claims and proposed classes arising out of visits to the other Tenet entities' websites as alleged in the *Doe* and *Harrill* cases (i.e. Desert Regional Medical Center, Twin Cities Community Hospital, and Emanuel Medical Center) for the purposes of discovery and scheduling pursuant to Rule 42(a)(3).[2]  (Case No. 1:23-cv-01106, ECF No. 28.)

Plaintiffs in the *Doe* case ("*Doe* Plaintiffs") partially oppose the motion to consolidate. (ECF No. 33.)  *Doe* Plaintiffs do not oppose coordination of discovery and scheduling in the related actions but do oppose consolidation of *Doe* and *Beltran* for all purposes.  (*Id.* at 2.)  While *Doe* Plaintiffs acknowledge *Doe* and *Beltran* have significant legal and factual overlap, *Doe* Plaintiffs argue full consolidation is inappropriate because the cases involve different parties, different claims, and different proposed classes.  (*Id.*)

The Court agrees with *Doe* Plaintiffs for several reasons.  First, the *Doe* case is significantly broader than the *Beltran* case.  *Doe* Plaintiffs bring their claims on behalf of a nationwide class, including patients of all Tenet Healthcare affiliates.  (Case No. 1:23-cv-01106, ECF No. 19.)  In contrast, Plaintiffs in *Beltran* limit their proposed class to patients or prospective patients who visited the website of a single hospital.  (Case No. 2:23-cv-01670, ECF No. 1.)  Second, the *Doe* case includes two Defendants that are not named in *Beltran* — Twin Cities Community Hospital, Inc. and Desert Regional Medical Center.  (*Id.*)  Third, *Doe* and *Beltran* involve multiple distinct claims.  As Defendants acknowledge, the *Doe* case asserts claims against Tenet and Doctors Medical for violation of the Electronic Communications Privacy Act,

---

[2]  Defendants did not move to consolidate the *Harrill* case for all purposes because it does not involve a named plaintiff who visited the Doctors Medical website.  (ECF No. 35 at 3.)

California's Computer Data Access and Fraud Act, quasi-contract/unjust enrichment, California's Unfair Competition Law, and trespass to chattels, while the *Beltran* case asserts implied contract claims. (ECF No. 35 at 4.) Fourth, there are pending motions to dismiss in all three related actions. Based on the differences between the related actions, the Court believes consolidation would result in more confusion, inefficiency, and delay than resolving each motion to dismiss separately. Accordingly, the Court DENIES Defendants' motions to fully consolidate the *Doe* and *Beltran* cases without prejudice.

In addition, the Court DENIES Defendants' request to consolidate scheduling and discovery. The deadlines set forth in the Pretrial Scheduling Order are triggered once the last answer is filed. Once the last answer is filed in each case, the parties may file stipulations coordinating scheduling and discovery between the cases if they wish to do so.

### IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motions to Consolidate Case No. 1:23-cv-01106-TLN-CKD (ECF No. 28), Case No. 2:23-cv-01670-TLN-CKD (ECF No. 36), and Case No. 2:23-cv-01672-TLN-CKD (ECF No. 34). Plaintiffs shall file an opposition to the pending Motions to Dismiss in each respective case not later than fourteen (14) days from the electronic filing date of this Order, and Defendants' replies shall be due fourteen (14) days thereafter.

IT IS SO ORDERED.

Date: June 20, 2024

Troy L. Nunley
United States District Judge

4