**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

JANE DOE, et al., *individually and on behalf of all others similarly situated*,

Plaintiffs,

v.

TENET HEALTHCARE CORPORATION, et al.,

Defendant.

**Case No. 1:23-CV-01106-DC-CKD**

Hon. Dena M. Coggins

**STIPULATED PROTECTIVE ORDER**

Pursuant to L.R. 141.1 and L.R. 143, Plaintiffs Jane Doe, Jan Doe, John Doe, and James Doe and Defendants Tenet Healthcare Corporation ("Tenet"), Doctors Medical Center of Modesto, Inc. ("DMC"), Desert Regional Medical Center, Inc. ("DRMC"), and Twin Cities Community Hospital, Inc. ("TCC") (collectively, the "Parties") jointly request that the Court enter this Order, and agree that the following limitations and restrictions should apply to documents and information produced for inspection and copying during the course of this litigation (the "Action"). As such, the Court hereby **ORDERS** that:

**1. Scope.** Discovery in this Action is likely to involve the production of confidential, proprietary, and private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. This Protective Order (hereinafter "Protective Order" or "Order") shall apply to all documents or other information produced in the course of discovery in this Action that the producing person or entity (the "Producing Entity") has designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER", "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER", or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (either a "Confidentiality Designation" or collectively the "Confidentiality Designations") pursuant to this Order.

**2. Purpose.** The purpose of this Protective Order is to protect against the unnecessary disclosure of Confidential Information. This Confidential Information, described in the preceding paragraph and as defined below, consists of information that is generally unavailable to the public, and information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Disclosure of this information could potentially harm the parties. Accordingly, to facilitate the flow of information, to encourage the prompt resolution of disputes regarding the confidentiality of discovery materials, to adequately protect information  the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable and necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of litigation, and

to serve the ends of justice, a protective order for Confidential Information is justified in this matter.

**3. Definitions**

a.     "Action" or "Proceeding" means the above-entitled proceeding, Case No. 1:23-cv-01106-DC-CKD

b.     "Court" means the Hon. Dena M. Coggins, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c.     "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

d.     "Confidential Information" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

e.     "Disclosure" or "to disclose" means to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information, and the restrictions contained herein regarding disclosure of Confidential Information also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain or refer to the Confidential Information or information contained therein.

f.     "Highly Confidential Information" means the following enumerated categories, however it may have been produced, including but not limited to, initial disclosures, responses to discovery requests, deposition testimony and exhibits, or materials (including documents or testimony) produced by non-parties in response to subpoenas issued in connection with this matter, including all copies, excerpts, and summaries thereof:.

(1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information. Such information requires confidential treatment because it is proprietary information of one or more

Defendants and its public dissemination will result in considerable financial damage and irreparable harm to one or more Defendants as it will impact their competitive advantage. This information should be protected by a court order instead of a private agreement between the parties because there is immediate remedy with this Court for any violation of this Court Order.

(2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers of one or more Defendants. Such information requires confidential treatment because it is proprietary information of one or more Defendants and its public dissemination will result in considerable financial damage and irreparable harm to one or more Defendants as it will impact their competitive advantage. This information should be protected by a court order instead of a private agreement between the parties because there is immediate remedy with this Court for any violation of this Court Order.

(3) competitive technical information, including technical analyses or comparisons of competitor's products. Such information requires confidential treatment because it is proprietary information of one or more Defendants and its public dissemination will result in considerable financial damage and irreparable harm to one or more Defendants as it will impact their competitive advantage. Such information may also be proprietary and confidential to non-parties and/or may be subject to confidentiality agreements for one or more Defendants and its disclosure would result in irreparable financial harm to those non-parties or may cause one or more Defendants to breach their contractual obligations of confidentiality. This information should be protected by a court order instead of a private agreement between the parties because there is immediate remedy with this Court for any violation of this Court Order.

(4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning. Such information requires confidential treatment because it is proprietary information of one or more Defendants and its public dissemination will result in considerable financial

3

damage and irreparable harm to one or more Defendants as it will impact their competitive advantage. Such information may also be proprietary and confidential to non-parties and/or may be subject to confidentiality agreements for one or more Defendants and its disclosure would result in irreparable financial harm to those non-parties or may cause one or more Defendants to breach their contractual obligations of confidentiality. This information should be protected by a court order instead of a private agreement between the parties because there is immediate remedy with this Court for any violation of this Court Order.

(5) Personal Identifying Information, as defined below. Such information requires confidential treatment because it is highly sensitive and exposure of such information could lead to identity risks for Plaintiffs or other individuals and because Defendant's contractual obligations with its vendors require it to maintain such information in a confidential manner. The information should be protected by a court order instead of a private agreement between the parties because it allows the parties and the Court to have a shared understanding about the information and a readily applicable procedure for preserving the confidentiality of this information and for remedying the disclosure of such information.

(6) Protected Health Information, as defined below. This information is confidential under both federal and state law and regulations and disclosure of such information could result in civil and/or criminal penalties against the parties. The information should be protected by a court order instead of a private agreement between the parties because it allows the parties and the Court to have a shared understanding about the information and a readily applicable procedure for preserving the confidentiality of this information and for remedying the disclosure of such information.

g.    "Personal Identifying Information" or "PII" includes every data element protected by state or federal law including, but not limited to, name, payment card numbers, financial account numbers, Social Security numbers, addresses, phone numbers, email addresses, driver's license numbers or other state identification numbers, Employer

4

Identification numbers, Tax Identification numbers, passport numbers, or a foreign government equivalent of any of these numbers or identifiers provided, however, that a Party's treatment of information as PII within the terms of this Order shall not be construed as a concession or admission that such information qualifies as PHI under any statute, regulation, or other law.

h.     "Protected Health Information" or "PHI" shall have the same definition as the definition of "Protected Health Information" under 45 C.F.R. § 160.103 provided, however, that a Party's treatment of information as PHI within the terms of this Order shall not be construed as a concession or admission that such information qualifies as PHI under any statute, regulation, or other law.

i.     "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

**4. Designating Material**

**a. Designating Material As Confidential or Highly Confidential:** Any party, or any third party subpoenaed by one of the parties, may designate as Confidential and subject to this Protective Order any documents, testimony, written responses, or other materials produced in this case if they contain information that the Producing Entity asserts in good faith is protected from disclosure by statute or common law, including, but not limited to, confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Information that is publicly available may not be designated as Confidential or Highly Confidential. The designation of materials as Confidential or Highly Confidential pursuant to the terms of this Protective Order does not mean that the document or other material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**b. Designating Material As Attorneys' Eyes Only.** Any party, or any third party subpoenaed by one of the parties, may designate as Attorneys' Eyes Only and subject to this Protective Order any materials or information that meet the test set forth in Paragraph 4.a, but as to which the Producing Entity also asserts in good faith that the information is so

5

competitively sensitive that the receipt of the information by parties to the litigation could result in competitive harm to the Producing Entity.

**5. Form and Timing of Designation.**

**a. Documents and Written Materials.** The Producing Entity shall designate any document or other written materials as confidential pursuant to this Order by marking each page of the material with a stamp setting forth the Confidentiality Designation, if practical to do so. The person or entity designating the material shall place the stamp, to the extent possible, in such a manner that it will not interfere with the legibility of the document. Materials shall be so-designated prior to, or at the time of, their production or disclosure.

**b. Electronically Stored Information ("ESI"):** If a production response includes ESI, the Producing Entity shall make an effort to include within the electronic files themselves the Confidentiality Designation to the extent practicable. If that is not practicable, then the Producing Entity shall designate in a transmittal letter or email to the party to whom the materials are produced (the "Receiving Party") using a reasonable identifier (e.g., the Bates range) any portions of the ESI that should be treated as "CONFIDENTIAL [or HIGHLY CONFIDENTIAL] – SUBJECT TO PROTECTIVE ORDER," and any portions of the ESI that should be treated as "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

**c. Deposition Testimony.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within 14 days after receipt of the deposition transcript. Such designation must indicate which Confidentiality Designation applies, and must be specific as to the portions of the transcript and/or any exhibits to which that Confidentiality Designation applies, except that any exhibit that was marked with a Confidentiality Designation at the time of production, and which still bears that mark at the time of its use in a deposition, shall be presumed to fall within the provisions of this Order without further designation.

**6. Limitation Of Use.**

**a. General Protections.** All information that has received a Confidentiality Designation, including all information derived therefrom, shall be used by any Receiving Party solely for purposes of prosecuting or defending this Action. A Receiving Party shall not use or disclose

6

the Confidential Information for any other purpose, including but not limited to any business, commercial, or competitive purpose. Except as set forth in this Order, a Receiving Party shall not disclose Confidential Information to any third party. This Order shall not prevent the Producing Entity from using or disclosing information it has designated as Confidential Information, and that belongs to the Producing Entity, for any purpose that the Producing Entity deems appropriate, except that the Producing Entity's voluntary disclosure of Confidential Information outside the scope of this Action may impact the protection that this Order would otherwise provide with regard to such information, once disclosed.

**b. Persons To Whom Information Marked "Confidential" May Be Disclosed.** Use of any information, documents, or portions of documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

1. outside counsel of record for the parties, and the administrative staff of outside counsel's firms;

2. in-house counsel for the parties, and the administrative staff for each in-house counsel;

3. any party to this action who is an individual;

4. as to any party to this action who is not an individual, every employee, director, officer, or manager of that party, but only to the extent necessary to further the interest of the parties in this litigation;

5. independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation, and only after such persons have completed the certification attached hereto as Attachment A, Acknowledgment of Understanding and Agreement to be Bound;

6. the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action;

7. the authors and the original recipients of the documents;

8. any court reporter or videographer reporting a deposition;

9. employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this action;

10. interviewees, potential witnesses, deponents, hearing or trial witnesses, and any other person, where counsel for a party to this action in good faith determines the individual should be provided access to such information in order for counsel to more effectively prosecute or defend this action (as long as the disclosure occurs in the presence of counsel, and copies, duplicates, images, or the like are not removed or retained by any interviewee, potential witness, deponent, or hearing or trial witness), provided, however, that in all such cases the individual to whom disclosure is to be made has been informed that the information contained in the disclosed document(s) is confidential and protected by Court Order, that the individual understands that he/she is prohibited from disclosing any information contained in the document(s) to anyone; or

11. mediators engaged by the parties for purposes of attempting to resolve the claims in this action; or

12. any other person agreed to in writing by the parties.

Prior to being shown any documents produced by another party marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," any person listed under paragraph 6(b)(3), 6(b)(4), or 6(b)(11) shall be advised that the confidential information is being disclosed pursuant to and subject to the terms of this Protective Order.

**c. Persons To Whom Information Marked "Attorneys' Eyes Only" May Be Disclosed.** Use of any information, documents, or portions of documents marked "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

1. outside counsel of record for the parties, and the administrative staff of outside counsel's firms;

8

2. one designated representative from in-house counsel for the parties;

3. independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation, and only after such persons have completed the certification attached hereto as Attachment A, Acknowledgment of Understanding and Agreement to be Bound;

4. the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action;

5. the authors and the original recipients of the documents;

6. any court reporter or videographer reporting a deposition;

7. employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this action;

8. mediators engaged by the parties for purposes of attempting to resolve the claims in this action; or

9. any other person agreed to in writing by the parties.

Prior to being shown any documents produced by another party marked "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," any person listed under paragraph 6(c)(8) shall be advised that the confidential information is being disclosed pursuant to and subject to the terms of this Protective Order.

d. **Persons To Whom Information Marked "Highly Confidential" May Be Disclosed.** Use of any information, documents, or portions of documents marked "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a. the Court and its personnel;

b. Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings

9

and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Highly Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

c. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

d. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Highly Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

e. the author or recipient of a document containing Protected Material provided, however, that former employees of Defendants shall be required to sign the "Acknowledgment and Agreement to be Bound" (Exhibit A); and

f. any other person that the Designating Party agrees to in writing.

Prior to being shown any documents produced by another party marked "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," any person listed under paragraph 6(b)(3), 6(b)(4), or 6(b)(11) shall be advised that the confidential information is being disclosed pursuant to and subject to the terms of this Protective Order. **7. Inadvertent Production.** Inadvertent production of any document or information with a Confidentiality Designation shall be governed by Fed. R. Evid. 502. Pursuant to subsections (d) and (e) of that Rule, the parties

agree to, and the Court orders, protection of Protected Information against claims of waiver (including as against third parties and in other Federal and State proceedings) in the event such information is produced during the course of the Litigation, whether pursuant to a Court order, a parties' discovery request, or informal production, as follows:

a. the production of documents or electronically stored information ("ESI") (including, without limitation, metadata) subject to a legally recognized claim of privilege or other protection from production or other disclosure (collectively, "Protected Information"), including without limitation the attorney-client privilege and work-product doctrine, shall in no way constitute the voluntary disclosure of such Protected Information;

b. the production of Protected Information shall not result in the waiver of any privilege or protection associated with such Protected Information as to the receiving party, or any third parties, and shall not result in any waiver of protection, including subject matter waiver, of any kind;

c. if any document or ESI (including, without limitation, metadata) received by a party is on its face clearly subject to a legally recognizable privilege, immunity, or other right not to produce such information, the Receiving Party will promptly notify the Producing Entity in writing that it has discovered Protected Information, identify the Protected Information by Bates Number range, and return or sequester such Protected Information until the Producing Entity confirms whether it does indeed assert any privilege protecting this information. Once the Producing Entity asserts privilege over such Protected Information (as described in Subparagraph (e) below), the Receiving Party will return, sequester, or destroy all copies of such Protected Information, along with any notes, abstracts or compilations of the content thereof, within ten (10) business days of notice from the Producing Entity;

d.    upon the request of the Producing Entity, the Receiving Party will promptly disclose the names of any individuals who have read or have had access to the Protected Information;

e.    if the Producing Entity intends to assert a claim of privilege or other protection over Protected Information identified by the receiving party, the Producing Entity will, within ten (10) business days of receiving the Receiving Party's written notification, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event, if any portion of the Protected Information does not contain privileged or protected information, the Producing Entity shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection;

f.    if, during the course of the litigation, a party determines it has produced Protected Information, the Producing Entity may notify the Receiving Party of such production in writing. The Producing Entity's written notice must identify the Protected Information by Bates Number range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event any portion of the Protected Information does not contain privileged or protected information, the Producing Entity shall also provide to the receiving party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection. The Producing Entity must also demand the return of the Protected Information. After

12

receiving such written notification, the Receiving Party must, within ten (10) business days of receiving the written notification, return, sequester, or destroy the specified Protected Information and any copies, along with any notes, abstracts or compilations of the content thereof;

g.    a Receiving Party's return, sequestration, or destruction of such Protected Information as provided in the Subparagraphs above will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered, or destroyed Protected Information on grounds that the Protected Information is not in fact subject to a viable claim of privilege or other protection. However, the Receiving Party is prohibited and estopped from arguing that the Producing Entity's production of the Protected Information in this matter acts as a waiver of applicable privileges or protections, that the disclosure of the Protected Information by the Producing Entity was not inadvertent, that the Producing Entity did not take reasonable steps to prevent the disclosure of the Protected Information, or that the Producing Entity did not take reasonable steps to rectify such disclosure; and

h.    nothing contained herein is intended to or shall limit a Producing Entity's right to conduct a review of documents or ESI (including, without limitation, metadata), for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to the Receiving Party;

i.    prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (collectively "copies") of documents marked with a Confidentiality Designation under this Order, or in any individual portion of such a document, shall be affixed with the same Confidentiality Designation if it does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or

images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**8. Filing Materials Containing Information With A Confidentiality Designation.** The parties acknowledge that this Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable— constitute good cause. Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible. **9. Handling of Protected Health Information.** This Order is applicable to the Parties, any additional Parties joined in this Proceeding, and any Non-Parties required to respond to discovery in the Proceeding, for the sole purpose of facilitating discovery in the Proceeding and protecting the confidentiality and other interests of the Parties and third-parties throughout the course of the Proceeding including, but not limited to, trial. This Order authorizes the Parties and any and all Covered Entities to disclose information protected by the

Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act (the "**HITECH Act**"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively, the "**HIPAA Rules**"), including specifically 42 C.F.R. Part 2 and 45 C.F.R. §164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information and personal health information (collectively with HIPAA Rules, the "**Privacy and Security Rules**"). This Order constitutes a HIPAA Qualified Protective Order, as that term is defined in the Privacy and Security Rules. The Parties are expressly prohibited from using or disclosing information protected by the Privacy and Security Rules obtained pursuant to this Order for any purpose other than this Proceeding. Covered Entities as used herein, means those entities as defined by 45 C.F.R. §160.103. Protected Health Information as used herein, means protected health information, as that term is used in HIPAA and the Privacy Standards defined in 45 C.F.R. §§160 and 164. Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, information reflecting the past, present, or future physical or mental health or condition of an individual, medical records, and documents based on or derived from Protected Health Information, regardless of form or format.

10. **Safeguards for Protected Health Information**. The Parties also seek to ensure that any person who receives and stores Protected Health Information in connection with this Proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Protected Health Information, and to prevent unpermitted use or disclosure of any Protected Health Information they may receive from any person in connection with this Proceeding. At a minimum, all Parties and persons or entities who might receive Protected Health Information (including all signatories to **Exhibit A** of this Order) agree that they will: (1) comply with the Privacy and Security Rules; (2) establish contractual controls that require any vendors, experts, or third parties that might receive Protected Health Information to comply with the Privacy and Security Rules; and (3) undertake due diligence to verify that the privacy and security

protections of any such vendors, experts, or third parties comply with the Privacy and Security Rules.

10.1. The Parties and their counsel to the Action are hereby authorized to receive and transmit PHI for the limited purpose of prosecuting and defending this Action, including during discovery, at depositions, hearings, or other proceedings in this matter. The Parties shall be permitted to use the PHI in any manner reasonably connected with the Action, including, but not limited to, disclosure to their attorneys, insurers, claims managers, experts, and consultants, the court, necessary court personnel, court reporters, copy services, trial consultants, jurors, any appellate court, and other persons and entities involved in the litigation process.

10.2. All PHI produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action and shall not be used for any other purpose other than this Action. 45 C.F.R. § 164.512(e)(1)(v)(A).

10.3. This Order recognizes that it is not practicable to identify and contact all individuals whose names or privileged information may be contained in such records and that redaction of all such information would be extremely difficult and would delay the proceedings in this Court. Therefore, this Order expressly authorizes the disclosure of PHI of Non-Party individuals and Non-Party companies notwithstanding any privilege or confidentiality afforded under state law. That said, as an additional layer of protection, a Producing Party may, but is not required to, redact PHI from any documents. If the Receiving Party contests the Designating Party's redactions, then the Parties will adhere to the process outlined in Section 12. The Producing Party will retain the burden of establishing the propriety of the redactions.

10.4. The Parties agree that any unredacted PHI contained in documents produced shall be treated as "HIGHLY CONFIDENTIAL", pursuant to the terms of this Order. Absent an Order of this Court, neither Party nor their counsel shall use PHI obtained solely from documents produced in this Action to contact any individual.

10.5. In accordance with Section 21, all identified PHI will be either returned to the Producing Party or destroyed.

**11. Attorneys Allowed To Provide Advice.** Nothing in this Order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client, except for the disclosure of the Confidential Information as proscribed in this Order.

**12. Excluding Others From Access.** Whenever information bearing a Confidentiality Designation pursuant to this Protective Order is to be discussed at a deposition, the person or entity that designated the information may exclude from the room any person, other than persons designated in Paragraph 6 of this Order, as appropriate, for that portion of the deposition.

**13. No Voluntary Disclosure To Other Entities.** The parties or anyone acting on their behalf may not voluntarily disclose any Confidential Information to any state or federal law enforcement or regulatory agency, or any employee thereof, except in this litigation as set forth in Paragraph 6 of this Order or as otherwise commanded by law or provided in this Order. Nothing in this Order shall prevent a party from providing information in its possession in response to a valid order or subpoena from a law enforcement or regulatory agency requiring the production of such information, except that, prior to such production, the party producing the information shall provide as much advance notice as possible to the person or entity that designated the material as confidential to facilitate that party's efforts to preserve the confidentiality of the material, if warranted.

**14. Disputes As To Designations.** Each party has the right to dispute the Confidentiality Designation asserted by any other party or subpoenaed person or entity in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the person or entity that designated the documents or materials. As part of that conferral, the designating person or entity must assess whether redaction is a viable alternative to complete non-disclosure. If any party challenges the Confidentiality Designation of any document or information, the burden to properly maintain the designation shall, at all times, remain with the person or entity that made the designation to show that said document or information should

17

remain protected pursuant to Federal Civil Rule 26(c). In the event of disagreement, then the designating person or entity shall file a motion pursuant to Federal Civil Rule 26(c). A party who disagrees with the designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

**15. Information Security Protections.** Any person in possession of Confidential Information received from another person or entity in connection with this Action shall maintain an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Confidential Information, and protect against unauthorized access to or use of such Confidential Information.

If a Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, to Confidential Information subject to this Order, they shall: (1) notify the person or entity who designated the materials under the terms of this Order of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach; and (3) provide sufficient information about the breach that the Producing Entity can reasonably ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Entity or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

**16. All Trials Open To Public.** All trials, and certain pretrial proceedings and hearings, are open to the public (collectively a "Public Hearing" or "Public Hearings"). Absent further order of the Court, there will be no restrictions on any Party's ability to the use during a Public Hearing any document or information that has marked with a Confidentiality Designation or documents or information derived therefrom that would disclose such confidential information. However, if a party intends to present at a Public Hearing any document or information that has been so designated, the party intending to present such document or information shall provide advance notice to the person or entity that made the Confidentiality Designation at least **five (5)** days before the Public Hearing by identifying the documents or information at issue as

specifically as possible (i.e., by Bates Number, page range, deposition transcript line, etc.) without divulging the actual documents or information. Any person may then seek appropriate relief from the Court regarding restrictions on the use of such documents or information at trial, or sealing of the courtroom, if appropriate.

**17. No Waiver Of Right To Object.** This Order does not limit the right of any party to object to the scope of discovery in the above-captioned action.

**18. No Determination Of Admissibility.** This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto.

**19. No Admissions.** Designation by either party of information or documents under the terms of this Order, or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents under this Order.

**20. No Prior Judicial Determination.** This Order is based on the representations and agreements of the parties and is entered for the purpose of facilitating discovery in this action. Nothing in this Order shall be construed or presented as a judicial determination that any documents or information as to which counsel or the parties made a Confidentiality Designation is in fact subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**21. Order Subject To Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

**22. Parties May Consent To Disclosure.** Nothing shall prevent disclosure beyond the terms of this Order if all parties consent to such disclosure, or if the Court, after notice to all affected parties, permits such disclosure. Specifically, if and to the extent any party wishes to disclose any Confidential Information beyond the terms of this Order, that party shall provide

all other parties with reasonable notice in writing of its request to so disclose the materials. If the parties cannot resolve their disagreement with respect to the disclosure of any Confidential Information, then a party may petition the Court for a determination of these issues. In addition, any interested member of the public may also challenge the designation of any material as confidential, pursuant to the terms of this paragraph.

**23. Return Of Materials Upon Termination Of Litigation.** Upon the written request and expense of the Producing Entity, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the Producing Entity, or destroy, all information and documents subject to this Protective Order, unless the specific document or information has been offered into evidence or filed without restriction as to disclosure. The party requesting the return of materials shall pay the reasonable costs of responding to its request. The party returning or destroying the documents or other information shall certify that it has not maintained any copies of confidential information, except as permitted by this Order.

**24. Counsel Allowed To Retain Copy Of Filings.** Nothing in this Protective Order shall prevent outside counsel for a party from maintaining in its files a copy of any filings in the Action, including any such filings that incorporate or attach Confidential Information. Moreover, an attorney may use his or her work product in subsequent litigation provided that such use does not disclose any Confidential Information.

**SO ORDERED.**

Dated:  February 9, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

20

Date: January 30, 2026                              Respectfully submitted,

| **CADDELL & CHAPMAN** | **ALSTON & BIRD** |
|---|---|
| By: /s/ *Foster C. Johnson* | By: /s/ *Scott A. Elder* |
| Michael A. Caddell | SCOTT A. ELDER (*Pro Hac Vice*) |
| Cynthia B. Chapman | One Atlantic Center |
| Amy E. Tabor | 1201 West Peachtree Street, Suite 4900 |
| 628 E. 9th Street | Atlanta, GA 30309-3424 |
| Houston, TX 77007-1722 | Telephone: (404) 881-7000 |
| Phone: (713) 751-0400 | Facsimile: (404) 881-7777 |
| Fax: (713) 751-0906 | E-mail:scott.elder@alston.com |
| mac@caddellchapman.com | |
| cbc@caddellchapman.com | Rachel E. K. Lowe |
| aet@caddellchapman.com | Jonathan J. Kim |
| | 350 South Grand Avenue |
| Foster C. Johnson | 51st Floor |
| Joseph Ahmad | Los Angeles, CA 90071 |
| Nathan Campbell | Phone: 213 576 1000 |
| Ahmad, Zavitsanos & Mensing, PLLC | Rachel.lowe@aslton.com |
| 1221 McKinney Street, Suite 34600 | Jonathan.Kim@alston.com |
| Houston, TX 77010 | |
| Phone: (713) 655-1101 | |
| fjohnson@azalaw.com | *Attorneys for Defendants* |
| ahmad@azalaw.com | |
| ncampbell@azalaw.com | |
| | |
| Samuel J. Strauss | |
| Strauss & Borelli PLLC | |
| 980 N. Michigan Ave., Suite 1610 | |
| Chicago, IL 60611 | |
| Phone: (872) 263-1100 | |
| sam@straussborelli.com | |
| | |
| *Attorneys for Plaintiffs & the Putative Classes* | |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

JANE DOE, et al., *individually and on behalf of all others similarly situated,*

Plaintiffs,

v.

TENET HEALTHCARE CORPORATION, et al.,

Defendant.

**Case No. 1:23-CV-01106-DC-CKD**

Hon. Dena M. Coggins

**ATTACHMENT A TO STIPULATED PROTECTIVE ORDER**

**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that [he/she] has read the Protective Order dated [INSERT DATE OF ORDER] in this action and attached hereto, understands the terms thereof, and agrees to be bound by them. The undersigned submits to the jurisdiction of the Eastern District of California in matters relating to the Protective Order and understands that the terms of the Protective Order obligate [him/her] to use documents marked with a Confidentiality Designation in accordance with the Order, solely for the purpose of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

22

Date: _____

_____
Signature